IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

CHRISTOPHER TINDAL,

Defendant.

20-MJ-0692

---

State of New York    )
County of Monroe    ) ss:
City of Rochester    )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

**STACEY L. HULL**, being duly sworn, deposes and says:

1. I am a Special Agent ("SA") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, & Explosives ("ATF"), and I am assigned to the Rochester, New York Field Office. Accordingly, I am the kind of Special Agent delineated in Title 18, United States Code, Section 3051.

2. I am a graduate of the Criminal Investigator School and the ATF National Academy, both located at the Federal Law Enforcement Training Center in Glynco, Georgia. I have been employed as an ATF Special Agent for approximately four years. As part of my professional experience, I have participated in state and federal investigations involving the illegal possession of firearms, narcotics, and violations of federal laws to include Titles 18 and 26, United States Code and am familiar with various federal arson laws. Previously, I

1

was employed by the Town of Gates Police Department in Rochester, New York for approximately six years. I earned a Master of Arts Degree in Forensic Psychology from the Chicago School of Professional Psychology in 2014. I also received a Bachelor's Degree in both Psychology and Criminal Justice from Roberts Wesleyan College in 2009. I have participated in the service of state search and seizure warrants and have seized or assisted in seizing contraband including firearms, ammunition, documentary evidence, and contraband.

## PURPOSE OF AFFIDAVIT

3. This affidavit is submitted in support of a criminal complaint which alleges there is probable cause to believe that on or May 30, 2020, in the City of Rochester, County of Monroe, Western Judicial District of New York, the defendant, CHRISTOPHER TINDAL (hereinafter TINDAL), did violate Title 18, United States Code, Section 844(n) (conspiracy to commit arson) and Title 18, United States Code, Sections 844(i) and 2 (arson).

4. The assertions made herein are based upon my personal knowledge and upon information that I have received from this investigation, including but not limited to the review of police reports and discussions with other law enforcement agents and officers, all of which are true and correct to the best of my knowledge and belief. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that the defendant committed the above-mentioned offenses. In support thereof, I respectfully state the following:

## PROBABLE CAUSE

5.      On May 30, 2020, protests were scheduled at the Public Safety Building (PSB), 185 Exchange Boulevard, City of Rochester, Western Judicial District of New York, in response to the death of George Floyd in Minneapolis, Minnesota. Officers employed by the Rochester Police Department (RPD) were assigned to assist with crowd control during the protests. Marked patrol vehicles, including patrol vehicle with plate number 463, VIN#2G1WD5E38C1317282 (hereinafter RPD CAR 463) was parked in the front loop of the PSB. RPD CAR 463 was readily identifiable as a law enforcement vehicle by markings on all sides of the vehicle and a light bar on top.

6.      During the evening, the protests turned violent resulting in damaged property, looting, and fires. At approximately 5:05 p.m., RPD CAR 463 was damaged by fire. Due to the violence and rioting, RPD CAR 463 was towed away from the PSB and secured at 945 Mount Read Boulevard, which is the Equipment Services Facility for the City of Rochester. Once secured, fire investigators conducted an investigation to determine the cause of the fire. The front passenger seat, driver seat, and the entire front inside compartment of the vehicle were damaged by fire. The vehicle was determined to be a total loss. After review of video and photographic evidence, the fire investigators concluded the damage to the vehicle was caused by intentional fire. Fire investigators removed fire debris samples from the burned seat of RPD CAR 463 for lab analysis.

7.     Upon review of various video footage, including but not limited to City of Rochester blue light cameras, footage from a law enforcement aerial drone, and Facebook Live videos, the RPD Major Crimes Unit was able to identify TINDAL as one of the individual who intentionally set fire to RPD CAR 463.

8.     Before RPD CAR 463 was set on fire, an undercover police officer took the below photographs of TINDAL on top of RPD CAR 463.  The photographs show TINDAL wearing a black "I love (heart) excellence" t-shirt, black pants, and white sneakers with a gold tongue.  The photograph also depicts a tattoo on TINDAL's forearm.




9.     At approximately 5:05 p.m., surveillance footage shows a black male with braids wearing a gray RIT hooded sweatshirt and jeans with rips on the quadriceps, later identified as Dyshika McFadden, and TINDAL speaking with each other then move towards RPD CAR 463 and ignite it as seen in the photos below.  The video also shows McFadden

and TINDAL use an aerosol can and open flame to set fire inside RPD CAR 463. These acts led to a fire inside the vehicle.

10. The photos below are stills from Facebook Live video posted by an individual with the initials D.F. at approximately twenty minutes into the video. The video shows MCFADDEN, in the gray hooded sweatshirt, and TINDAL, now in just the black t-shirt but still wearing the black pants and white sneakers with a gold tongue, light RPD CAR 463 on fire using an aerosol can.

  

11. On or about July 31, 2020, TINDAL was arrested by members of the Rochester Police Department. At approximately 10:20 p.m., RPD Investigator Nicholas Mazzola and Fire Investigator Thomas Dorrer spoke with TINDAL at the PSB. TINDAL was advised of his Miranda warnings and agreed to waive his rights and speak with the investigators. During the recorded interview, TINDAL admitted to being at the riots. He also identified himself in photographs from the scene. Those photographs are included below. One depicts TINDAL

standing on RPD CAR 463 wearing the "I love (heart) excellence" t-shirt, and the other depicts TINDAL standing next to MCFADDEN while he sprayed an aerosol can and flame into RPD CAR 463.




12. TINDAL denied setting anything on fire. When shown a photograph of himself using an aerosol can to light RPD CAR 463, TINDAL stated that the photograph was edited. The interview concluded when TINDAL stated he did not want to speak with the investigators anymore and wanted to know what he was being charged with. While speaking with TINDAL, the investigators were able to view TINDAL's arm tattoo and confirmed that it was consistent with the tattoo on the individual depicted in the photographs and video surveillance.

13. Based on information provide to me, RPD CAR 463 is the property of the Rochester police Department and the City of Rochester government. Both the Rochester Police Department and the City of Rochester government conduct business in interstate commerce, for instance by purchasing vehicles and other equipment and supplies in interstate

4

commerce. The activities of the Rochester Police Department and the City of Rochester government in enacting and enforcing laws of the state of New York affect interstate commerce.

## CONCLUSION

14. Based upon the above information, I submit that there is probable cause to believe that on May 30, 2020, in the City of Rochester, County of Monroe, Western Judicial District of New York, the defendant, CHRISTOPHER TINDAL, did commit violations of Title 18, United States Code, Section 844(n) (conspiracy to commit arson) Title18, United States Code, Sections 844(i), and 2 (arson).

_____
STACEY L. HULL, Special Agent
Bureau of Alcohol, Tobacco, Firearms,
and Explosives

Affidavit and Criminal Complaint submitted
electronically by email in .pdf format. Oath
administered, and contents and signature,
attested to me as true and accurate telephonically
pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this
__6th__ day of August, 2020.

_____
HON. MARK W. PEDERSEN
United States District Court

5